KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN, ESQ.
Nevada Bar No. 09102
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: hendricksk@gtlaw.com
akke.levin@gtlaw.com

*Counsel for Claimants, Lee Soo Ahn, Bok Hyun Eum; ALS Property Holdings, LLC; EBH Management Co., LLC, and Sea Fox Management, LLC*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**DUKE PARK**,<br><br>Debtor. | CASE NO. BK–25–12285–abl<br>CHAPTER 7 |
| Lee Soo Ahn, Bok Hyun Eym, ALS Property Holdings, LLC, EBH Management Co., LLC, Sea Fox Management, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Duke Park,<br><br>Defendant. | Adversary No. 25-01162-abl |

## OPPOSITION TO MOTION TO DISMISS

Lee Soo Ahn, Bok Hyun Eum, ALS Property Holdings, LLC, EBH Management Co., LLC, and Sea Fox Management, LLC (collectively "Plaintiffs"), by and through their attorneys of record, the law firm of Greenberg Traurig, LLP, hereby oppose the motion of the debtor Duke Park, to dismiss this adversary proceeding.

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

## INTRODUCTION

Duke Park moved to dismiss Plaintiffs' adversary action, which seeks a denial of discharge for Mr. Park's liability to the Plaintiffs.[1] Although no hearing has been noticed that would set the deadline to respond, out of an abundance of caution, Plaintiffs file this opposition to Park's motion now.

Park makes three barebones arguments: (1) the discharge order supposedly discharged all his debts; (2) Plaintiffs failed to plead their claims with sufficient particularity; and (3) Park's personal bankruptcy and discharge somehow nullified the state court's pre-bankruptcy order that plaintiffs Lee Soo Ahn or Bok Hyun Eum—*not* Park—are the rightful owners of ALS Property Holdings, LLC, EBH Management Co., LLC, and Sea Fox Management, LLC (collectively "the Entities").

Each of these arguments is baseless, and the Court should reject them and allow this action to proceed.

## STATEMENT OF RELEVANT FACTS

### A. Relevant Nevada State Court History

Lee Soo Ahn and Bok Hyun Eum are residents and citizens of the Republic of South Korea and the sole owners and managing members of the Entities, also Plaintiffs to this action. *See* Adv. Dkt.[2] No. 1-2 at 8 ¶ 2. While residing in Korea, they trusted their adult children to manage the businesses in the United States. *Id*. at 10 ¶ 20. Park lied to those adult children, claiming to be a tax professional and paralegal to gain their trust and access to the Entities and their assets. *Id*. at 10-11. Park also claimed he would work for Plaintiffs and assist in the management of the Entities, but immediately began a course of self-dealing. *Id*. at 11-14. This self-dealing included Park wrongly claiming that he was the owner of the Entities, encumbering and selling millions of dollars in real property owned by the Entities for his own personal gain,

[1] On August 4, 2025, Park filed a Motion to Dismiss Plaintiffs' Adversary Complaint (Dkt. 7) ("Motion").

[2] Docket abbreviated Dkt. refers to the ECF Docket numbers Park's bankruptcy petition and action: *In re: Duke Park*, Case No. 2:25-bk-12285-abl, (D. Nev. Bankr.). Adv. Dkt. refers to the filings in the adversary action: *Lee Soo Ahn, et al. v. Duke Park*, Adversary No. 25-01162-abl (D. Nev. Bankr.).

and creating and filing false business records and reports with the Nevada Secretary of State (the "SOS") purporting to make himself the managing member of the Entities. *Id*. at 11-19.

Upon learning of Park's fraudulent acts, Ahn and Eum took action to correct the record with the SOS, and to mitigate the damage to the Entities. *Id.* at 19 ¶¶ 92-94. Undeterred, Park attempted to use proceedings in Nevada state court to confirm his illegal gains and alleged ownership in the Entities, while Plaintiffs brought counterclaims challenging Park's ownership in the Entities and seeking redress for, as relevant here, fraud, conversion, fraudulent transfer, and elder abuse. *Id*. at 19-20, ¶¶ 95-96; *see also* Adv. Dkt. 1-1; Dkt. No. 40-1. Plaintiffs' counterclaim details Park's course of fraudulent conduct, the relevant dates that he encumbered or sold property belonging to the Entities, and of meetings with the adult children, where he made fraudulent representations about his qualifications and professional history. *See*, *e.g.*, Adv. Dkt. 1-1, ¶¶ 17-34, 47-53; Dkt. 40-1 at ¶¶ 17-34, 47-53.

On March 10, 2025—after a seven-day evidentiary hearing—the Eighth Judicial District Court ("State Court"), entered detailed findings of fact and conclusions of law concerning Park's fraudulent conduct. Adv. Dkt. No. 1-2; Dkt. 40-2. As relevant here, the State Court found that Park drafted fraudulent meeting minutes on or about May 23, 2023, and that Ahn and Eum never transferred any interest in the Entities to Park. Adv. Dkt. No. 1-2, ¶¶59-78; Dkt. 40-2, ¶¶59-78. Similarly, the State Court found that "Park's 'takeover' of the [Entities' bank] accounts to the exclusion of [Ahn and Eum] was without authority." *Id.* at ¶ 58. After his unauthorized and fraudulent "takeover," Park began "looting" the Entities and hiding funds in "new bank accounts" he alone controlled. *Id.* ¶ 156.

The State Court found that Park engaged in pervasive fraud on the Plaintiffs, including by creating fraudulent letters, agreements, and corporate records, *id.* ¶¶ 39–42, 48–50, 70, 127, 149–150, 157, and further provided false testimony to the State Court in a futile effort to hide his fraud. *See*, *e.g.*, Dkt. No. 40-2 at ¶¶74–81. Indeed, the State Court found that "Park lacked any credibility and made various misrepresentations during his testimony. The State Court noted that Park "appears to be a con man who took advantage of the Defendants—including their children Hong Jun Eum ("Hong") and Soyeon Eum ("Sunny")—with coercion, forgery, and



GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

trickery." *Id.* at 2-3.

Ultimately, the State Court held that "Lee Soo Ahn and Bok Hyun Eum are the rightful owners and managing members of ALS Property Holdings, LLC, EBH Management Co., LLC, and Sea Fox Management, LLC, shall have control over these Entities, their real estate holdings, financial accounts, and business operations, and shall be restored and recognized as such by the Nevada Secretary of State." *Id.* at 32. The Court further enjoined Park from taking "any actions in the name of [the Entities] or represent himself as manager or managing member of these entities or as having any other authority to act on their behalf." *Id.*

In a subsequent order denying the Swindle Trust's motion to expunge lis pendens, the State Court reiterated that it found that "Park had engaged in fraud, forgery and manipulation to work himself into the Ahn Family's affairs." Adv. Dkt. No. 1-3 ¶¶7–8.

**B. Park's Bankruptcy**

More than a month after the State Court's order was entered (and, thus, after Park effectively lost the State Court action), Park filed a petition for bankruptcy in this Court in a Hail Mary attempt to preserve some of his fraudulent gains and to avoid liability for his massive fraud. *See* Dkt. No. 1. Plaintiffs filed proofs of claims on July 14, 2025. *See* Proofs of Claim Dkt. No. Claim 4 and Claim 5.

On July 18, 2025, Plaintiffs filed a Complaint to Determine Nondischargeability of Debts pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), opening this adversary proceeding. *See* Dkt. No. 40; Adv. Dkt. No. 1. Subsequently, on July 22, 2025, the Court entered an Order of Discharge. *See* Dkt. No. 41. As relevant here, the discharge order provided that: "**Some debts are not discharged**" and included as an example "debts that the bankruptcy court has decided **or will decide** are not discharged in this bankruptcy case[.]" *Id.* at 2 (emphasis added).

On August 4, 2025, Park filed the subject Motion seeking to dismiss Plaintiffs' complaint, claiming that (1) the complaint fails to state a claim because the Complaint lacks specificity required to plead fraud; (2) the Discharge Order discharged all Park's debts raised here; and (3) the claims of the corporate Plaintiffs (the Entities) were part of Park's bankruptcy estate such that the Entities cannot maintain this action. *See* Adv. Dkt. No. 7. Park's arguments



GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

have no merit, and the Motion should be summarily denied.

## ARGUMENT AND ANALYSIS

Park's cursory Motion is based on a false premise and is legally and procedurally flawed. Park had no ownership right to the Entities, the allegations of the complaint are sufficiently pled, and the claims asserted in the complaint were not, and should not be, discharged.

Although no notice of hearing has been filed as required by LR 9014(a)(1), (b)(1), and therefore Plaintiffs' opposition due date has not yet been set, *see* LR 9014(d)(1), Plaintiffs file this Opposition now in an abundance of caution.

### A. Plaintiffs' Claims are Sufficiently Pled.

In analyzing a motion to dismiss, bankruptcy courts apply the same standard as federal district courts under the Federal Rules of Civil Procedure. *See* Bankruptcy Rule 7009 ("Fed. R. Civ. P. 9 applies in an adversary proceeding"); *In re Houchin*, 3:17-BK-51148-BTB, 2020 WL 3048194, at *3 (B.A.P. 9th Cir. June 2, 2020). "To comply with Civil Rule 9(b), allegations of fraud must be specific enough to give the defendant notice of the particular misconduct that is alleged to constitute the fraud so that they can defend against the fraud claim and not just deny that they have done anything wrong." *In re Houchin*, 2020 WL 3048194, at *5; *accord Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (applying the same pleading standard in other contexts involving claims sounding in fraud). In considering a motion to dismiss for failure to state a claim, the Court may properly consider "facts . . . contained in documents attached to the complaint," *Knievel v. ESPN*, 393 F. 3d 1068, 1076 (9th Cir. 2005), and "matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Here, Plaintiffs have more than complied with FRCP 9(b). Not only does the complaint include specific allegations of Park's various misconduct and fraud, but the complaint attaches a copy of the State Court's Findings of Fact and Conclusions of Law ("State Court Order"), which clearly and unambiguously state the "who, what, when, where, and how of the misconduct charged." Adv. Dkt. No. 1-2.

Specifically, the complaint details Park's misconduct and misrepresentations to Ahn and



GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

Eum's children in Clark County and includes specific years and months. Adv. Dkt. No. 1, ¶¶ 29-31, 34. The complaint details how Park created false meeting minutes and gift letters. *Id*. ¶¶ 38-41. The complaint explains how Park used ALS's sale proceeds to purchase homes in his own name. *Id*. ¶¶ 42-45. The complaint alleges that between April 2023 and March 2024, Park transferred $1,274.621 of the Entities' money to himself and insiders and pocketed the rental income from the Entities' real properties. *Id*. ¶¶ 46-47. These allegations are specific enough to give the Park notice of his misconduct.

The State Court Order attached to the complaint contains further details, including dates, names, and specific information about Park's fraudulent conduct and misrepresentations. For example, the Order provides that on or about June 2022, Park approached Ahn and Eum's children and induced them to hire him to operate the Entities by representing that he was independently wealthy, had extensive business experience, was a licensed paralegal, and "had a license regarding tax reporting." Adv. Dkt. No. 1-2 ¶¶ 22-23. These statements were false. *Id*. ¶ 24. The State Court Order provides that on April 25, 2021, Park purchased one of ALS's properties, and in connection with that sale, on April 21, 2023, Park "created a fake email," which purported to give Park the authority to sign on behalf of the Entities, again Park reiterated his (false) claim that he was a paralegal to induce Sunny to trust him. *Id*. ¶¶ 36-40. Park then created a fake gift letter signed only by himself, which claimed to transfer virtually all of ALS's equity in the property to himself in the "sale." *Id*. ¶¶ 41-44. Park would repeat this process with another of Plaintiffs' properties in May 2023. *Id*. ¶¶ 45, 48-50. Similarly, in April 2023, Park used the trust he garnered through his false representations about his qualifications and ability to assist in managing the Entities business operations, to convince Ahn and Eum's children to give him access to the corporate accounts. *Id*. ¶ 51. In May 2023, after receiving access, Park changed the address and notice information for the account to one of the properties he purchased (using ALS's funds), and then began transferring substantial funds to himself, his personal lawyer, and his kimchi company. *Id*. ¶¶ 53-58, 78. Park created fake corporate minutes purporting to sell the company to himself, with the assistance of the same personal lawyer that Park paid with funds stolen from the Entities' accounts. *Id*. ¶¶61-68. As the State Court found,



GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

Park was aware that he lacked the authority to act for the Entities, because he forged documents purporting to grant authority where none existed, so that he could deplete the Entities assets for his own gain. *Id.* ¶¶ 127, 149-150.

This is more than enough detail to give Park notice of the misconduct claimed by the Plaintiffs. Accordingly, Park's argument under FRCP 9(b) fails.[3]

**B. The Discharge Order Does Not bar this Adversary Proceeding.**

Park is also wrong in suggesting that the bankruptcy discharge order provides a basis to dismiss this adversary proceeding or that res judicata applies.

First, the Discharge Order expressly exempted debts that the bankruptcy court "***will decide are not discharged in this bankruptcy case.***" Dkt. No. 41 (emphasis added) . The entire purpose of the adversary proceeding is to determine that the debts identified therein are nondischargeable. This action falls squarely within the exemption to the discharge order. Notably, Park does not contend—nor could he—that the adversary complaint was untimely. Plaintiffs filed their complaint on July 18, 2025—three days before the deadline set by the Court. *See* Dkt. No. 4 at 2 (setting July 21, 2025, as the deadline to object to a discharge).

In any case, the Plaintiffs' adversary complaint brings its nondischargeability claims under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Dkt. No. 40 at 7-10. That statute is clear and unambiguous that "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt," which falls in certain non-dischargeable categories. 11 U.S.C. §§ 523(a). The categories relevant to this litigation are debts obtained by: (1) "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition"; (2) "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"; and (3) "for willful and malicious injury by the debtor to another entity or to the property of another entity."

---

[3] If the Court disagrees, Plaintiffs should be granted leave to amend, which is "freely give[n] when justice so requires." FRCP 15(a)(2) (made applicable through Fed.R.Bankr.P. 7015); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir.1997). "In discharge cases such as this one, the opportunity to amend is especially important because of the short time frame under which such a complaint must be filed." *In re Gunn*, 111 B.R. 291, 293 (9th Cir. BAP 1990).

11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6) (respectively).

Park's discharge was under 11 U.S.C. § 727. *See* Dkt. No. 41 at 1. Accordingly, the listed exemptions apply to the discharge at issue here. Consequently, the discharge would not have applied to the debts which are the subject of the Adversary Complaint, and Park's argument that the discharge could reach these claims in §§ B, D, and E of his Motion to Dismiss are unavailing. *See* Adv. Dkt. No. 7 at 2. The bankruptcy code plainly provides that these debts are not subject to discharge. Park may disagree that these debts are nondischargeable, but the State Court already determined—*before* Park filed for bankruptcy—that Park defrauded Plaintiffs. Adv. Dkt. 1-2. Regardless, such arguments on the merits are not appropriate on a motion to dismiss. *See In re Rocky Mountain Recreational Communities, LLC*, 10-61045-7, 2012 WL 5248480, at *5 (Bankr. D. Mont. Oct. 23, 2012) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d)).

**C. The Entities are Not and Never Were Part of the Bankruptcy Estate.**

Contrary to Park's contention, Park never had an ownership interest in the Entities, and they were never a part of the bankruptcy estate.

The bankruptcy estate consists of "all legal or equitable interests of the debtor in property **as of the commencement of the case**." 11 U.S.C. § 541 (emphasis added). Park did not list the Entities as his property on his schedules, nor did he list his claims or lawsuit against Plaintiffs as his assets. *See* Dkt. No. 5 at 5 (¶ 19); *id.* at 8 (¶ 33). Moreover, before Park filed his bankruptcy petition, the State Court had already determined that Park had no interest in the Entities that are Plaintiffs in this adversary action. Adv. Dkt. No. 1-2. Therefore, Park's assertion that "LLC entities or property" that Plaintiffs' claims concern "were part of the bankruptcy estate," is totally baseless. Adv. Dkt. No. 7 at 2 (§ C). Likewise, Park's assertions that Plaintiffs' claims were the responsibility of the Trustee and were waived if not asserted by the Trustee are wholly without merit.

Park's assertion that the "claims [were] previously litigated in state court and discharged in the bankruptcy case"—to the extent Park somehow believes that the bankruptcy divested Ahn and Eum of ownership of the Entities—similarly fails. *Id.* (§§ C, E). The Entities were



GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

never Park's personal property, and never part of the bankruptcy estate in the underlying personal bankruptcy here. As the State Court found, Park never had a judicially cognizable interest in the companies. Adv. Dkt. 1-2. Indeed, as discussed above, Park defrauded the Plaintiffs, deceived the Nevada Secretary of State, and fabricated business records in pursuit of pretending that such an interest existed—all for his own gain at the expense of the Plaintiffs. For this reason, Park's conduct towards the Plaintiffs has hardly been that of an "honest but unfortunate debtor." *Marrama v. Citizens Bank*, 549 U.S. 365, 374, 127 S. Ct. 1105, 1111 (2007).

Even assuming, arguendo, that Park did have some interest in the Entities—he did *not*—the State Court Order divested him of any such interest on March 10, 2025, more than a month **before** he filed for bankruptcy. Adv. Dkt. No. 1-2 at 32; Dkt. No. 1; *cf.* 11 U.S.C. § 541 (providing that the commencement of the bankruptcy creates an estate of the debtor's property). Accordingly, as of the commencement of Park's bankruptcy, no such interest existed and so the Entities could not be part of the bankruptcy estate administered by the Trustee. Regardless, "property obtained by fraud of the bankrupt is not part of the bankrupt's estate." *In re Teltronics, Ltd.*, 649 F.2d 1236, 1239 (7th Cir. 1981) (citing cases). "The Bankruptcy Act simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors." *Pearlman v. Reliance Ins.*, 371 U.S. 132, 135–36, 83 S.Ct. 232, (1962).

Park's argument defies credibility and is merely an attempt to circumvent his fraud and the valid and binding State Court Order that erases any doubt that Park held any interest in the Entities. In fact, Park is enjoined from claiming any such interest in the Entities or holding himself out as having such an interest. Adv. Dkt. No. 1-2 at 32. Park's argument on this point only highlights the necessity of Plaintiffs' Complaint to Determine Nondischargeability, because even at this late hour, Park's fraudulent conduct continues.

**<u>CONCLUSION</u>**

For the reasons set forth above, Duke Park's Motion to Dismiss should be denied. Further, should the Court find any validity regarding the arguments in the Motion, Plaintiffs should be granted leave to amend, which is "freely give[n] when justice so requires."



GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

FRCP 15(a)(2) (made applicable through Fed.R.Bankr.P. 7015); *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1482 (9th Cir.1997). "In discharge cases such as this one, the opportunity to amend is especially important because of the short time frame under which such a complaint must be filed." *In re Gunn*, 111 B.R. 291, 293 (9th Cir. BAP 1990).

DATED this 18th day of August 2025.

GREENBERG TRAURIG, LLP

By: /s/ Kara B. Hendricks

KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN, ESQ.
Nevada Bar No. 09102
*Counsel for Claimants, Lee Soo Ahn, Bok Hyun Eum; ALS Property Holdings, LLC; EBH Management Co., LLC, and Sea Fox Management, LLC*

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773 Facsimile: (702) 792-9002

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 18, 2025**, I caused a true and correct copy of the foregoing **OPPOSITION TO MOTION TO DISMISS** to be submitted electronically for filing and service via the Court's e-filing system. Notice of the filing will be served on all parties by operation of the Court's CM-ECF system, and parties may access this e-filing through the Court's CM-ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed **on August 18, 2025**, at Las Vegas, Nevada.

*/s/ Evelyn Escobar-Gaddi*
An employee of GREENBERG TRAURIG, LLP