# EXHIBIT A

# EXHIBIT A

PROPOSED DISCOVERY PLAN & SCHEDULING ORDER

KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN, ESQ.
Nevada Bar No. 09102
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: hendricksk@gtlaw.com
akke.levin@gtlaw.com

*Counsel for Plaintiffs Lee Soo Ahn,*
*Bok Hyn Eum, ALS Property Holdings, LLC,*
*EBH Management Co., LLC, and*
*Sea Fox Management, LLC*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**DUKE PARK**,<br><br>Debtor(s). | CASE NO. 25-12285-abl<br>CHAPTER 7 |
| Lee Soo Ahn, Bok Hyun Eum, ALS Property Holdings, LLC; EBH Management Co., LLC, Sea Fox Management, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Duke Park,<br><br>Defendant. | Adversary No. 25-01162-abl<br><br>**PLAINTIFFS' PROPOSED DISCOVERY PLAN & SCHEDULING ORDER**<br>[SPECIAL SCHEDULING REVIEW REQUESTED] |

1

Plaintiffs Lee Soo Ahn, Bok Hyun Eum, ALS Property Holdings, LLC; EBH Management Co., LLC, and Sea Fox Management, LLC ("Plaintiffs"), by and through their undersigned counsel of record, the law firm of Greenberg Traurig, LLP, hereby propose the following discovery plan and scheduling order.

Plaintiffs submit this proposed discovery plan and scheduling order separately because Defendant Duke Park ("Defendant"), *pro se*, advised Plaintiffs' undersigned counsel in writing that he is "not agreeing to any discovery plan or scheduling order" and "cannot sign, negotiate, or participate in any discovery plan" because "the evidentiary record is already complete and has been fully submitted to the Court." **Ex. 1** hereto.

## A.   DISCOVERY PLAN

### 1.   FRCP 26(f)(3)(A)-Timing of Initial Disclosures

<u>Plaintiffs' position</u>: The Parties will exchange their Initial Disclosures no later than **Friday December 12, 2025**.

<u>Defendant's position</u>: Refused to negotiate a discovery plan. Defendant does not intend to conduct discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97).

### 2.   FRCP 26(f)(3)(B) -Subjects of Discovery

<u>Plaintiffs' position</u>: All Plaintiffs' claims and Defendant's defenses. Plaintiffs believe that most, if not all, discovery relevant to Plaintiffs' claims in this adversary proceeding was completed in the state court case, Case No. A-24-889923-B ("State Court Case") before Duke Park filed for bankruptcy. Duke Park has not yet answered the adversary complaint. Plaintiffs do not believe it is necessary to conduct discovery in phases or limited on certain issues.

<u>Defendant's position</u>: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. Additionally, the issues underlying this adversary proceeding are already before the Bankruptcy Court, including matters addressed in the October 6 Reopen Order and the Trustee's Certification filed October 29, making

2

additional discovery unnecessary and procedurally improper.

**3.    FRCP 26(f)(3)(C)-Electronically Stored Information**

<u>Plaintiffs' position</u>: The disclosure and production of electronically stored information ("ESI") may be handled as follows: All electronic files that were not already produced in the State Court Action should be produced in native format. If such information or materials cannot reasonably be produced in their native format, the Parties will meet and confer about an alternative form of production, and in the event of a dispute, FRCP 26(b)(2)(B) shall control.

<u>Defendant's position</u>: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97).

**4.    FRCP 26(f)(3)(D)-Privilege and Protective Orders**

<u>Plaintiffs' position</u>:  A stipulated protective order and confidentiality agreement under FRCP 26(c) may be appropriate in this case to protect sensitive financial information. The procedures for asserting a privilege or other protection as to information that is otherwise discoverable should be governed by FRCP 26(b)(5)(A).

<u>Defendant's position</u>: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97).

**5.    FRCP 26(f)(3)(E)-Changes or Limitations on Discovery**

<u>Plaintiffs' position</u>: No changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

<u>Defendant's position</u>: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97). Additionally, the issues underlying this adversary proceeding are already before the Bankruptcy Court, including matters addressed in the October 6 Reopen Order and the Trustee's

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

Certification filed October 29, making additional discovery unnecessary and procedurally improper.

6. **FRCP 26(f)(3)(F)-Other-Consent to Service by Email**

Plaintiffs' position:  Plaintiffs consent to electronic service of documents pursuant to FRCP 5(b)(2)(E) for service of discovery and service of documents filed through the ECF system, if Defendant also agrees.  Where voluminous documents are not amendable to e-mail transmission, Plaintiffs further agree to accept service by other reasonable electronic means, such as by e-mail providing access to the documents on an FTP site or through other online services, so long as the sender provides instructions on how to access the documents, and copies the individuals (such as staff) each Party requests to be included on the email transmission.

Defendant's position:  Refused to negotiate or participate.  Defendant does not intend to conduct any discovery.  The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97).

**C.    PROPOSED SCHEDULING ORDER**

a. **Discovery Cut-Off Date:**

Plaintiffs' position:  The Parties shall complete discovery by **Monday, May 25, 2026**, which is 181 days from the November 25, 2025, scheduling conference before the Court.[1]

Defendant's position:  Defendant does not agree to any discovery plan or schedule and refused to negotiate.

b. **Amending the Pleadings and Adding Parties:**

Plaintiffs' position:  Motions to amend the pleadings and/or add parties shall be filed no later than **Tuesday, February 24, 2026**, which is ninety days before the discovery cut-off date.

Defendant's position:  Defendant does not agree to any discovery

---

[1] As indicated under section 2, above, Duke Park has not yet filed an answer to the complaint.

4

1  plan or schedule and refused to negotiate.

        c.      **Fed. R. Civ. P. 26(a)(2) Disclosure (Experts):**

        <u>Plaintiffs' position</u>: The disclosure of any expert witnesses and reports required by FCRP 26(a)(2) shall be made no later than **Thursday, March 26, 2026**, which is sixty days before the discovery cut-off date. The disclosures of any rebuttal experts shall be made no later than **Friday, April 25, 2026,** which is twenty-nine days from the deadline to disclose initial experts and reports.

        <u>Defendant's position</u>: Defendant does not agree to any discovery plan or schedule and refused to negotiate.

        d.      **Dispositive Motions**

        <u>Plaintiffs' position</u>: Dispositive motions shall be filed no later than **Wednesday, June 24, 2026**, which is 30 days after the discovery cut-off date.

        <u>Defendant's position</u>: Defendant does not agree to any discovery plan or schedule and refused to negotiate.

        e.      **Fed. R. Civ. P. 26(a)(3) Disclosures**

        <u>Plaintiffs' position</u>: The Parties shall make all pretrial disclosures required by FRCP 26(a)(3) at least thirty days before trial. Objections to such disclosures shall be made fourteen days thereafter.

        <u>Defendant's position</u>: Defendant does not agree to any discovery plan or schedule and refused to negotiate.

        DATED this 16th day of December 2025.

|  |  |
|---|---|
| By: *Refused to sign* | **GREENBERG TRAURIG, LLP** |
| DUKE PARK | By: */s/ Akke Levin* |
| 304 S. Jones Boulevard, #198 | KARA HENDRICKS, ESQ. |
| Las Vegas, Nevada 89107 | Nevada Bar No. 07743 |
| ***Debtor/Defendant*** | AKKE LEVIN, ESQ. |
|  | Nevada Bar No. 09102 |
|  | ***Counsel for Plaintiffs, Lee Soo Ahn, Bok Hyn Eum, ALS Property Holdings, LLC, EBH Management Co., LLC, and Sea Fox Management, LLC.*** |

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

# EXHIBIT A

# EXHIBIT A

**EMAILS**

# Levin, Akke (OfCnl-LV-LT)

| | |
|---|---|
| **From:** | Levin, Akke (OfCnl-LV-LT) |
| **Sent:** | Thursday, December 11, 2025 2:57 PM |
| **To:** | dukepark@me.com |
| **Cc:** | Escobar-Gaddi, Evy (LSS-LV-LT); Hendricks, Kara (Shld-LV-LT) |
| **Subject:** | RE: Lee Soo Ahn et al v. Duke Park, Adversary Action 2:25-01162-abl |
| **Attachments:** | Standard Discovery Plan or Request for Waiver of Filing Discovery Plan (BK Adversary) (716791110.1).docx; PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER EX. A TO Standard Discovery Plan or Request for Waiver of Filing Discovery Plan(716793078.1).docx |

Good afternoon, Mr. Park:
I am following up on my December 4 email below, to which I received no response. I am attaching the drafts again. If we do not hear from you by Monday morning, we will file these documents with the Bankruptcy Court.

**Akke Levin**
Of Counsel

Greenberg Traurig, LLP
10845 Griffith Peak Drive | Suite 600 | Las Vegas, Nevada 89135
T +1 702.938.6848
Akke.Levin@gtlaw.com | www.gtlaw.com | View GT Biography



---

**From:** Levin, Akke (OfCnl-LV-LT) <Akke.Levin@gtlaw.com>
**Sent:** Thursday, December 4, 2025 4:52 PM
**To:** dukepark@me.com
**Cc:** Escobar-Gaddi, Evy (LSS-LV-LT) <escobargaddie@gtlaw.com>; Hendricks, Kara (Shld-LV-LT) <hendricksk@gtlaw.com>
**Subject:** RE: Lee Soo Ahn et al v. Duke Park, Adversary Action 2:25-01162-abl

Good evening Mr. Park:
Given your positions below, I have revised the attached documents as follows:
1. The "Standard Discovery Plan and Request for Waiver" now indicates that the parties do not agree on a discovery plan and scheduling order
    a. But please indicate/confirm your position on the items I highlighted in <mark>yellow</mark>
2. The "Proposed Discovery Plan and Scheduling Order" will be submitted on behalf of our clients (only), indicates you do not agree to a Proposed Discovery Plan and Scheduling Order, and includes your positions below
    a. Please confirm that we correctly captured your position in the second document

If you wish to make any suggested changes, please do so in redline,
Thank you.

**Akke Levin**
Of Counsel

Greenberg Traurig, LLP
10845 Griffith Peak Drive | Suite 600 | Las Vegas, Nevada 89135
T +1 702.938.6848
Akke.Levin@gtlaw.com | www.gtlaw.com | View GT Biography

1

**From:** DUKE PARK <dukepark@me.com>
**Sent:** Tuesday, November 25, 2025 12:47 PM
**To:** Levin, Akke (OfCnl-LV-LT) <Akke.Levin@gtlaw.com>
**Subject:** Re: Lee Soo Ahn et al v. Duke Park, Adversary Action 2:25-01162-abl

**\*EXTERNAL TO GT\***

**Subject:** Response to Proposed Discovery Plan

Ms. Levin,

I am writing in response to your email and the attached proposed discovery plan.

1. **I am not agreeing to any discovery plan or discovery schedule.**
   As I stated before the Court today, **I do not intend to conduct discovery** in this adversary proceeding.
2. **The evidentiary record is already complete** and has been fully submitted to the Court (Docs. **60, 62, 64, 93, 96, and 97**).
   For that reason, **I cannot sign, negotiate, or participate in any discovery plan.**
3. Additionally, the issues underlying this adversary proceeding are already before the Bankruptcy Court, including matters addressed in the **October 6 Reopen Order** and the **Trustee's Certification filed October 29**, making additional discovery unnecessary and procedurally improper.
4. I continue to appear **pro se**, and my current mailing address is:

**304 S. Jones Blvd #198
Las Vegas, NV 89107**

If you have further questions, please send them in writing.

Regards,
**Duke Park**


> On Nov 24, 2025, at 4:33 PM, <Akke.Levin@gtlaw.com> <Akke.Levin@gtlaw.com> wrote:
>
> Good afternoon Mr. Park:
> In advance of tomorrow's scheduling conference before the Court, attached please find for your review:
> - A form Standard Discovery Plan or Request for Waiver of Filing Discovery Plan ("Form") (filled out on behalf of our clients) and
> - A proposed discovery plan and scheduling order ("Exhibit A to the Form")
>
> Exhibit A to the Form sets out the discovery and motion deadlines we propose for this case and would defend, if asked by the Court, tomorrow, although the Court may issue its own scheduling order.
>
> Finally, please confirm that you are still appearing *pro se* and provide us with your most current home address. We understand that you no longer live at the previously listed address(es).

2

Thank you.

**Akke Levin**

Of Counsel

Greenberg Traurig, LLP
10845 Griffith Peak Drive | Suite 600 | Las Vegas, Nevada 89135
T +1 702.938.6848
Akke.Levin@gtlaw.com | www.gtlaw.com | View GT Biography

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

<PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER EX. A TO Standard Discovery Plan or Request for Waiver of Filing Discovery Plan(716793078.1).docx><Standard Discovery Plan or Request for Waiver of Filing Discovery Plan (BK Adversary)(716791110.1).docx>