_____
Honorable August B. Landis
United States Bankruptcy Judge



Entered on Docket
December 19, 2025

KARA HENDRICKS, ESQ.
Nevada Bar No. 07743
AKKE LEVIN, ESQ.
Nevada Bar No. 09102
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
Telephone:  (702) 792-3773
Facsimile:   (702) 792-9002
Email:       hendricksk@gtlaw.com
             akke.levin@gtlaw.com

*Counsel for Plaintiffs Lee Soo Ahn,*
*Bok Hyn Eum, ALS Property Holdings, LLC,*
*EBH Management Co., LLC, and*
*Sea Fox Management, LLC*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**DUKE PARK**,<br><br>            Debtor(s). | CASE NO. 25-12285-abl<br>CHAPTER 7 |
| Lee Soo Ahn, Bok Hyun Eum, ALS Property Holdings, LLC; EBH Management Co., LLC, Sea Fox Management, LLC,<br><br>            Plaintiffs,<br><br>    v.<br><br>Duke Park,<br><br>            Defendant. | Adversary No. 25-01162-abl<br><br>**PLAINTIFFS' PROPOSED DISCOVERY PLAN & SCHEDULING ORDER**<br>[SPECIAL SCHEDULING REVIEW REQUESTED] |

1

Plaintiffs Lee Soo Ahn, Bok Hyun Eum, ALS Property Holdings, LLC; EBH Management Co., LLC, and Sea Fox Management, LLC ("Plaintiffs"), by and through their undersigned counsel of record, the law firm of Greenberg Traurig, LLP, hereby propose the following discovery plan and scheduling order.

Plaintiffs submit this proposed discovery plan and scheduling order separately because Defendant Duke Park ("Defendant"), *pro se*, advised Plaintiffs' undersigned counsel in writing that he is "not agreeing to any discovery plan or scheduling order" and "cannot sign, negotiate, or participate in any discovery plan" because "the evidentiary record is already complete and has been fully submitted to the Court." **Ex. 1** hereto.

A.  **DISCOVERY PLAN**

    1.  **FRCP 26(f)(3)(A)-Timing of Initial Disclosures**

Plaintiffs' position: The Parties will exchange their Initial Disclosures no later than **Friday December 12, 2025**.

Defendant's position: Refused to negotiate a discovery plan. Defendant does not intend to conduct discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97).

    2.  **FRCP 26(f)(3)(B) -Subjects of Discovery**

Plaintiffs' position: All Plaintiffs' claims and Defendant's defenses. Plaintiffs believe that most, if not all, discovery relevant to Plaintiffs' claims in this adversary proceeding was completed in the state court case, Case No. A-24-889923-B ("State Court Case") before Duke Park filed for bankruptcy. Duke Park has not yet answered the adversary complaint. Plaintiffs do not believe it is necessary to conduct discovery in phases or limited on certain issues.

Defendant's position: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. Additionally, the issues underlying this adversary proceeding are already before the Bankruptcy Court, including matters addressed in the October 6 Reopen Order and the Trustee's Certification filed October 29, making

additional discovery unnecessary and procedurally improper.

**3.    FRCP 26(f)(3)(C)-Electronically Stored Information**

<u>Plaintiffs' position</u>: The disclosure and production of electronically stored information ("ESI") may be handled as follows: All electronic files that were not already produced in the State Court Action should be produced in native format. If such information or materials cannot reasonably be produced in their native format, the Parties will meet and confer about an alternative form of production, and in the event of a dispute, FRCP 26(b)(2)(B) shall control.

<u>Defendant's position</u>: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97).

**4.    FRCP 26(f)(3)(D)-Privilege and Protective Orders**

<u>Plaintiffs' position</u>: A stipulated protective order and confidentiality agreement under FRCP 26(c) may be appropriate in this case to protect sensitive financial information. The procedures for asserting a privilege or other protection as to information that is otherwise discoverable should be governed by FRCP 26(b)(5)(A).

<u>Defendant's position</u>: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97).

**5.    FRCP 26(f)(3)(E)-Changes or Limitations on Discovery**

<u>Plaintiffs' position</u>: No changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

<u>Defendant's position</u>: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97). Additionally, the issues underlying this adversary proceeding are already before the Bankruptcy Court, including matters addressed in the October 6 Reopen Order and the Trustee's

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600, Las Vegas, Nevada 89135
Telephone: (702) 792-3773    Facsimile: (702) 792-9002

Certification filed October 29, making additional discovery unnecessary and procedurally improper.

### 6. FRCP 26(f)(3)(F)-Other-Consent to Service by Email

<u>Plaintiffs' position</u>: Plaintiffs consent to electronic service of documents pursuant to FRCP 5(b)(2)(E) for service of discovery and service of documents filed through the ECF system, if Defendant also agrees. Where voluminous documents are not amendable to e-mail transmission, Plaintiffs further agree to accept service by other reasonable electronic means, such as by e-mail providing access to the documents on an FTP site or through other online services, so long as the sender provides instructions on how to access the documents, and copies the individuals (such as staff) each Party requests to be included on the email transmission.

<u>Defendant's position</u>: Refused to negotiate or participate. Defendant does not intend to conduct any discovery. The evidentiary record is already complete and has been fully submitted to the Court (ECF Docs. 60, 62, 64, 93, 96, and 97).

## C. PROPOSED SCHEDULING ORDER

### a. Discovery Cut-Off Date:

<u>Plaintiffs' position</u>: The Parties shall complete discovery by **Monday, May 25, 2026**, which is 181 days from the November 25, 2025, scheduling conference before the Court.[1]

<u>Defendant's position</u>: Defendant does not agree to any discovery plan or schedule and refused to negotiate.

### b. Amending the Pleadings and Adding Parties:

<u>Plaintiffs' position</u>: Motions to amend the pleadings and/or add parties shall be filed no later than **Tuesday, February 24, 2026**, which is ninety days before the discovery cut-off date.

<u>Defendant's position</u>: Defendant does not agree to any discovery

---

[1] As indicated under section 2, above, Duke Park has not yet filed an answer to the complaint.

4

plan or schedule and refused to negotiate.

   c. **Fed. R. Civ. P. 26(a)(2) Disclosure (Experts):**

   <u>Plaintiffs' position</u>:  The disclosure of any expert witnesses and reports required by FCRP 26(a)(2) shall be made no later than **Thursday, March 26, 2026**, which is sixty days before the discovery cut-off date.  The disclosures of any rebuttal experts shall be made no later than **Friday, April 25, 2026,** which is twenty-nine days from the deadline to disclose initial experts and reports.

   <u>Defendant's position</u>:  Defendant does not agree to any discovery plan or schedule and refused to negotiate.

   d. **Dispositive Motions**

   <u>Plaintiffs' position</u>:  Dispositive motions shall be filed no later than **Wednesday, June 24, 2026**, which is 30 days after the discovery cut-off date.

   <u>Defendant's position</u>:  Defendant does not agree to any discovery plan or schedule and refused to negotiate.

   e. **Fed. R. Civ. P. 26(a)(3) Disclosures**

   <u>Plaintiffs' position</u>:  The Parties shall make all pretrial disclosures required by FRCP 26(a)(3) at least thirty days before trial.  Objections to such disclosures shall be made fourteen days thereafter.

   <u>Defendant's position</u>:  Defendant does not agree to any discovery plan or schedule and refused to negotiate.

   DATED this 16th day of December 2025.

| | |
|---|---|
| By: <u>*Refused to sign*</u><br>DUKE PARK<br>304 S. Jones Boulevard, #198<br>Las Vegas, Nevada  89107<br>***Debtor/Defendant*** | **GREENBERG TRAURIG, LLP**<br><br>By: <u>/s/ Akke Levin</u><br>KARA HENDRICKS, ESQ.<br>Nevada Bar No. 07743<br>AKKE LEVIN, ESQ.<br>Nevada Bar No. 09102<br>***Counsel for Plaintiffs, Lee Soo Ahn, Bok Hyn Eum, ALS Property Holdings, LLC, EBH Management Co., LLC, and Sea Fox Management, LLC.*** |