_____
Honorable August B. Landis
United States Bankruptcy Judge



Entered on Docket
February 25, 2026

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | ) | Case No.: 25-12285-abl |
| | ) | |
| DUKE PARK, | ) | Chapter 7 |
| | ) | |
|         Debtor. | ) | Adv. Proceeding No.  25-01162-abl |
| | ) | |
| LEE SOO AHN, et al., | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| | ) | |
| v. | ) | Hearing Date: February 13, 2026 |
| | ) | Hearing Time: 3:00 p.m. |
| DUKE PARK | ) | |
| | ) | |
|         Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITHOUT PREJUDICE**

On February 13, 2026, the Court issued its oral ruling after consideration of a Motion to Dismiss Adversary Complaint.[1] The Dismissal Motion was filed by Duke Park[2] in proper person.

At the February 13, 2026 oral ruling, attorney Akke Levin appeared telephonically on behalf of Lee Soo Ahn, Bok Hyun Eym, ALS Property Holdings, LLC, EBH Management Co.,

---

[1] ECF No. 7, hereafter the "Dismissal Motion." In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the adversary proceeding identified in the caption as they appear on the official court docket maintained by the Clerk of the Court.

[2] Hereafter "Defendant."

LLC, and Sea Fox Management, LLC.[3] Defendant appeared telephonically in proper person. No other appearances were noted on the record.

To the extent that the Court made findings of fact and conclusions of law in the course of its oral ruling on February 13, 2026, those findings of fact and conclusions of law are incorporated into this Order by this reference pursuant to Fed. R. Civ. P. 52, made applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7052.

For the reasons stated on the record:

**IT IS ORDERED** that the Dismissal Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

    A.    **As to the First Claim for Relief – Nondischargeability of Plaintiffs' Debt Under 11 U.S.C. §523(a)(2)(A):** The Dismissal Motion is **GRANTED**. Plaintiffs' First Claim for Relief is therefore **DISMISSED WITHOUT PREJUDICE**.

    B.    **As to the Second Claim for Relief – Nondischargeability of Plaintiffs' Debt Under 11 U.S.C. § 523(a)(4):**

        1.    **For Fraud or Defalcation While Acting in a Fiduciary Capacity:** To the extent that the Second Claim for Relief seeks to except Plaintiffs' claims from Defendant's bankruptcy discharge under 11 U.S.C. § 523(a)(4) due to Defendant's fraud or defalcation while acting in a fiduciary capacity, the Dismissal Motion is **GRANTED**. Plaintiffs' Second Claim for Relief is therefore **DISMISSED WITHOUT PREJUDICE**, but only to the extent that the Second Claim for Relief seeks to except Plaintiffs' claims from Defendant's bankruptcy discharge under 11 U.S.C. § 523(a)(4) due to Defendant's fraud or defalcation while acting in a fiduciary capacity.

---

[3] Hereafter collectively "Plaintiffs."

      2.      **For Embezzlement:** To the extent that the Second Claim for Relief seeks to except Plaintiffs' claims from Defendant's bankruptcy discharge under 11 U.S.C. § 523(a)(4) due to embezzlement, the Dismissal Motion is **DENIED**.

      3.      **For Larceny:** To the extent that the Second Claim for Relief seeks to except Plaintiffs' claims from Defendant's bankruptcy discharge under 11 U.S.C. § 523(a)(4) due to larceny, the Dismissal Motion is **DENIED**.

C.    **As to the Third Claim for Relief - Nondischargeability of Plaintiffs' Debt Under 11 U.S.C. § 523(a)(6) Due to Willful and Malicious Injury by the Debtor to Plaintiffs or to the Property of the Plaintiffs:** The Dismissal Motion is **DENIED**.

**IT IS FURTHER ORDERED** that, as to the claims for relief dismissed pursuant to this Order, dismissal is **WITHOUT PREJUDICE** to Plaintiffs' filing of an amended Complaint addressing the deficiencies identified by the Court during its oral ruling.

**IT IS FURTHER ORDERED** that any amended Complaint must be filed by Plaintiffs **within twenty-one (21) days after the docketing date of this Order**.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to timely file an amended Complaint, those claims for relief dismissed under this Order will be deemed dismissed with prejudice on the merits with no further notice or opportunity for a hearing.

Copies sent to all registered parties via CM/ECF Electronic Mail System.

Copy sent via BNC to:

DUKE PARK
1392 VIA MERANO ST
HENDERSON, NV 89052

                                                                          # # #